**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 13-4929**

---

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

LLOYD OBED ADAMS,

                Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:13-cr-00195-TDS-1)

---

Submitted:  June 20, 2014         Decided:  June 26, 2014

---

Before WILKINSON, MOTZ, and THACKER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Bryan Gates, Winston-Salem, North Carolina, for Appellant. Ripley Rand, United States Attorney, Andrew C. Cochran, Special Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Lloyd Obed Adams of possession of ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012). On appeal, Adams challenges the sufficiency of the evidence supporting his conviction. We affirm.

We review the district court's denial of a Fed. R. Crim. P. 29 motion de novo. United States v. Jaensch, 665 F.3d 83, 93 (4th Cir. 2011). We must sustain the jury's verdict "if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942); see United States v. Al Sabahi, 719 F.3d 305, 311 (4th Cir.) (defining substantial evidence), cert. denied, 134 S. Ct. 464 (2013). We "can reverse a conviction on insufficiency grounds only when the prosecution's failure is clear." United States v. Lawing, 703 F.3d 229, 240 (4th Cir. 2012) (internal quotation marks omitted), cert. denied, 133 S. Ct. 1851 (2013).

After viewing the evidence in the light most favorable to the Government, we conclude that there was sufficient evidence to support the jury's finding that Adams possessed ammunition that had traveled in interstate commerce.[*] See United States v. Moye, 454 F.3d 390, 395 (4th Cir. 2006) (en banc)

_____

[*] Adams stipulated that he had a prior felony conviction.

2

(stating elements of § 922(g)(1) offense). The possession element was satisfied by Adams' admission that he was aware the firearm, which contained the ammunition, was in his dresser drawer. See Lawing, 703 F.3d at 240 ("Constructive possession is established when the government produces evidence that shows ownership, dominion, or control over the contraband itself or the premises . . . in which the contraband was concealed."); United States v. Kitchen, 57 F.3d 516, 519-21 (7th Cir. 1995) (affirming conviction for constructive possession of firearm found in dresser drawer). The interstate commerce element was satisfied by Special Agent Amato's expert testimony that the ammunition was discovered in North Carolina but manufactured outside of North Carolina. See United States v. Williams, 445 F.3d 724, 740 (4th Cir. 2006).

Because there was sufficient evidence to support the disputed elements, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED